IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROGER REED, JR., )
 )
     Plaintiff, )
 )
v. ) No. CIV 19-139-RAW-SPS
 )
CORECIVIC, DAVIS )
CORRECTIONAL FACILITY, and )
NICOLE DONNELLY, )
 )
     Defendants. )

## OPINION AND ORDER

  Plaintiff, a pro se state prisoner who is incarcerated at Davis Correctional Facility, a private prison in Holdenville, Oklahoma, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1). He is seeking relief for alleged constitutional violations at that facility. The defendants are CoreCivic, Davis Correctional Facility (DCF), and DCF Nurse Nicole Donnelly. Plaintiff alleges Ms. Donnelly was responsible for his taking medications intended for his cellmate, which resulted in injuries to Plaintiff. Plaintiff has been granted leave to proceed *in forma pauperis* in this action. (Dkt. 4).

**Screening/Dismissal Standards**

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any

1

claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized

legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant CoreCivic**

Defendant CoreCivic owns and operates DCF. *See Davis v. GEO Group Corr., Inc.*, No. 16-462-HE, 2018 WL 1406588, slip op. at *1 n.1 (W.D. Okla. Mar. 7, 2018) (unpublished report and recommendation), *adopted by district court*, 2018 WL 1404404 (Mar. 20, 2018). *See also* http://www.corecivic.com/facilities/davis-correctional-facility. A private actor such as CoreCivic, however, cannot be held liable under § 1983 based solely on the actions of its employees. *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see*

3

*also Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013) (collecting § 1983 cases involving private prisons such as those operated by CoreCivic); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying municipal direct-liability standard in § 1983 suit against private entity acting under color of state law and discussing inapplicability of vicarious liability).

To state a claim upon which relief may be granted under § 1983 against CoreCivic, Plaintiff must allege: (1) an official policy or custom of CoreCivic; (2) that caused a violation of Plaintiff's federal right(s); and (3) that "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Plaintiff has presented no allegations against CoreCivic, much less any official policy or custom of CoreCivic that was responsible for the violation of his constitutional rights. Therefore, CoreCivic is DISMISSED from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**Defendant Davis Correctional Facility**

Plaintiff also has named DCF as a defendant. The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While the Oklahoma courts have not addressed in a published opinion the

issue of whether a jail or prison has capacity to be sued, the Tenth Circuit Court of Appeals held in an unpublished opinion that "the Creek County Criminal Justice Center is not a suable entity under § 1983." *Hinton v. Dennis*, No. 09-5130, 362 F. App'x 904, 907, 2010 WL 257286, at *3, (10th Cir. Jan. 25, 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). Therefore, Defendant DCF also is DISMISSED from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Defendants CoreCivic and Davis Correctional Facility are DISMISSED from this action, and the case shall proceed with Nicole Donnelly as the sole defendant.

**IT IS SO ORDERED** this 16th day of May 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma