UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROGER REED, JR.,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 19-CV-0139-RAW-JAR |
| | ) |
| **NICOLE DONNELLY,** | ) |
| | ) |
|        **Defendant.** | ) |

**OPINION AND ORDER**

Plaintiff Roger Reed, Jr., a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. On May 16, 2019, the Court dismissed Defendants CoreCivic and Davis Correctional Facility. *See* Dkt. 5. The sole remaining defendant, Nicole Donnelly, has moved to dismiss the claim asserted against her. *See* Dkt. 14. Plaintiff has not submitted a response. For the reasons discussed herein, the Court GRANTS the Motion.

    I.    STANDARD OF REVIEW

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. While the Court construes a pro se litigant's pleadings liberally, this liberal construction, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

II. DISCUSSION

Plaintiff's claim arises from events that transpired on February 7, 2019, at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. Dkt. 1, at 4-5. Plaintiff alleges that Defendant Donnelly, a DCF nurse, passed him pills through his cell door without stating who the pills were for. *Id.* at 5. Plaintiff swallowed them, then asked Defendant Donnelly what type of pills they were. *Id.* Not knowing, Defendant Donnelly called another nurse over, who stated that the pills were meant for Plaintiff's cellmate. *Id.* Plaintiff alleges that he passed out from the medication and sustained injuries. *Id.* Plaintiff claims that Defendant Donnelly's actions constitute "medical deprivation and/or neglect (negligence)." *Id.* at 3.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims of constitutionally inadequate medical care are analyzed under the Eighth Amendment, which proscribes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). An Eighth Amendment violation occurs if a prison official is "deliberate[ly] indifferen[t] to an inmate's serious medical needs." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The test for constitutional liability "involves both an objective and a subjective component." *Id.* The objective component is met if "the deprivation at issue was . . . 'sufficiently serious.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal

quotation marks omitted). "The subjective component is satisfied if the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference.'" *Id.* (alteration omitted) (quoting *Farmer*, 511 U.S. at 837).

Plaintiff does not expressly allege a constitutional violation, nor does he provide allegations sufficient to rise to the level of a constitutional violation, even under the liberal construction afforded pro se litigants' pleadings. The Court assumes without deciding that Plaintiff's allegations satisfy the objective prong of an Eighth Amendment claim. However, the Court finds that Plaintiff has failed to allege facts suggesting Defendant Donnelly acted with the requisite "culpable state of mind." *Mata*, 427 F.3d at 751. On the facts alleged, there is no indication that Defendant Donnelly was aware that the pills were intended for Plaintiff's cellmate or that the pills would cause Plaintiff to have a serious physical reaction. *See James v. Fed. Bureau of Prisons*, 79 F. App'x 417, 419 (10th Cir. 2003) (finding subjective component of Eighth Amendment claim had not been met where "[n]o allegation suggest[ed] that the [medical defendant] was aware of any likelihood that the pre-loaded syringes contained the wrong substance"); *Logsdon v. Crawford*, No. 21-252-JFH-JAR, 2022 WL 16963233, at *3 (E.D. Okla. Nov. 16, 2022) (rejecting Eighth Amendment claim premised on receipt of wrong medication where prison official was unaware that inmate would react negatively to the medication).

At most, Plaintiff has alleged that Defendant Donnelly acted negligently. Yet, the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999); *see Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ("[A]ccidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a

3

medical condition do not constitution a medical wrong under the Eighth Amendment."); *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("To prevail on a claim under 42 U.S.C. § 1983, . . . inadvertent failure to provide adequate medical care is not enough, nor does a complaint that a physician has been negligent in diagnosing or treating a medical condition . . . state a valid claim of medical mistreatment under the Eighth Amendment." (internal quotation marks omitted)).

Accordingly, Plaintiff has failed to state a cognizable claim for relief under the Eighth Amendment.

IT IS THEREFORE ORDERED that Defendant Donnelly's Motion to Dismiss (Dkt. 14) is GRANTED.  Plaintiff's claim against Defendant Donnelly is dismissed without prejudice.

IT IS SO ORDERED this 3rd day of February, 2023.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma